*HIGGINS & AL.* vs. *M'MICKEN·*

APPEAL from the court of the third district.

MATHEWS, J. delivered the opinion of the court. This appeal is taken from a judgment of the court below, by which that court re-

No appeal lies from the refusal of a court of this state to transfer a suit to the federal court.

Eastern Dist
*May*, 1828.

Higgins &
Al.
*vs.*
M'Micken.

tained jurisdiction of the cause, contrary to the right of the defendant, as alleged, to have it removed into the district court of the United States for the eastern district of the state of Louisiana.

This court has, in several instances, entertained jurisdiction of causes on appeals, wherein similar applications for removal had been made, and the decisions were in favor of the claims of the applicants. Such decisions or judgments were properly considered as final, in consequence of sustaining the petitions for removal. A request to change the jurisdiction of a suit from a state court to one of the United States, under the law of congress, is analogous to a plea on the part of the defendant, to the jurisdiction of the court in which proceedings commenced; and when a removal is ordered, the plaintiff would be without remedy against such order, however illegal it might be, unless by appeal.

The case is entirely different when the inferior court retains jurisdiction. The order is then a mere interlocutory decree, which has not the effect of doing an irreparable injury to the party against whom it is pronounced. If such decree be erroneous, the error may be

corrected on an appeal from a final judgment rendered in the cause. The plea in abatement, or application to remove, will then be subject to examination.

Eastern Dist.
May, 1828.

HIGGINS &
AL.
vs.
M'MICKEN.

It is therefore ordered, adjudged, and decreed, that the appeal be dismissed, with costs.

*Preston* for the appellant.